UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00956-JPH-DLP |
| | ) |
| SELECTIVE INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF CERTIFICATION**

Jeff Smiley accidentally flipped his vehicle on an interstate, seriously injuring his passenger, Greg Callahan. In another case, Mr. Callahan sued Mr. Smiley to recover damages for his injuries, and Mr. Smiley's primary insurer, Cincinnati Insurance, and excess insurer, Selective Insurance, both eventually settled with Mr. Callahan. In this case, Cincinnati alleges that Selective acted negligently and in bad faith in refusing to settle Mr. Callahan's case sooner.

This Court granted Selective summary judgment on the bad faith claim and ordered additional briefing on whether the Court should certify two questions to the Indiana Supreme Court. Dkt. 73. Cincinnati supports certification, dkt. 77, while Selective opposes it, dkt. 76. The briefs were helpful, and the Court appreciates the parties' thoughtful analysis of the issues. For the reasons that follow, the Court respectfully **CERTIFIES** two questions to the Indiana Supreme Court.

# I.
# Applicable Law

"Certification is a useful tool of cooperative federalism," *Vill. of Bedford Park v. Expedia, Inc.*, 876 F.3d 296, 302 (7th Cir. 2017) (citation omitted), that "reduc[es] the possibility of error in trying to predict what course the state supreme court might choose," *Roberts v. Alexandria Transp., Inc.*, 968 F.3d 794, 801 (7th Cir. 2020) (citation omitted). Indiana allows "any federal district court" to "certify a question of Indiana law to the [Indiana] Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Ind. App. R. 64(A). "Certification is appropriate in a case where the question to be certified is outcome determinative, where it concerns an important issue of public concern, where the state supreme court has not yet provided clear guidance on the matter, and where the issue is likely to recur." *Cutchin v. Robertson*, No. 20-1437, 2021 WL 357770, at *13 (7th Cir. Feb. 3, 2021). The Court may also consider "the state supreme court's particular interest in the development of state law and the likelihood that the result of the decision in a particular case will exclusively affect the citizens of that state." *Id.*

# II.
# Analysis

### A. Outcome Determinative

Two questions of Indiana law could affect the outcome in this case. *See* dkt. 73 at 15–17. First, does Indiana law recognize a cause of action against

an insurance company for the negligent failure to settle a claim within policy limits? And second, does Indiana law recognize the doctrine of equitable subrogation, thus permitting an excess insurance carrier to directly sue a primary carrier for the negligent and/or bad faith failure to settle a claim within policy limits?

If the answer to either question is no, this case is over. As a result, both questions are outcome determinative.

### B. No Clear Controlling Indiana Precedent

The Court previously concluded that there is no "clear controlling Indiana precedent" on either potential certified question. Dkt. 73 at 17. Cincinnati agrees, dkt. 77 at 15, while Selective contends that recent cases clearly foreclose the recognition of a cause of action for negligent refusal to settle, dkt. 76 at 1–3[1] (citing *Smith v. Progressive Se. Ins. Co.*, 150 N.E.3d 192 (Ind. Ct. App. 2020), *transfer denied*, 160 N.E.3d 504 and *Travelers Indem. Co. v. Johnson*, 440 F. Supp. 3d 980 (N.D. Ind. 2020)). Neither case provides the clear resolution that Selective imagines.

*Smith* did not address a negligent-refusal-to-settle claim, and the court dismissed the plaintiff's other negligence claims against an insurance company on alternative grounds. *See* 150 N.E.3d at 199, 200 n.9, 205–06 (holding that the insured's claims were "not assignable under Indiana law" to a tort victim

---

[1] Although Selective opposes certification of both questions, Selective's brief focuses almost exclusively on the cause-of-action issue and does not point to clear controlling Indiana precedent on the equitable-subrogation question. *See* dkt. 76 at 8, 9 (Selective admitting a "paucity of law" on the issue and noting that "the Indiana Supreme Court hasn't had . . . [a] recent opportunity to address whether an excess insurer can proceed against a primary insurer under an equitable subrogation theory").

and finding a "negligent claims handling" claim waived). While *Johnson* did address the issue, holding that Indiana recognizes "no cause of action in tort for negligently failing to settle a claim within the policy limits of an insurance contract," 440 F. Supp. 3d at 987, a federal district court order does not represent a "clear controlling Indiana precedent," Ind. App. R. 64(A); *cf. Certain Underwriters of Lloyd's & Companies Subscribing to Excess Aviation Liab. Ins. Policy No. FL-10959 A & B v. Gen. Acc. Ins. Co. of Am.*, 909 F.2d 228, 231 (7th Cir. 1990) (clear prediction of Indiana law on the issue).

Given a lack of clear controlling Indiana precedent, it's unclear "what course the state supreme court might choose" in deciding on the existence of a negligent-refusal-to-settle cause of action.[2] *See Roberts*, 968 F.3d at 801.

### C. Other Factors

Before granting certification, federal courts also consider "whether the case concerns a matter of vital public concern, [whether] the issue will likely recur in other cases, . . . and whether the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *Brown v. Argosy Gaming Co., L.P.*, 384 F.3d 413, 416 (7th Cir. 2004). Selective argues that the Indiana Supreme Court declined an "opportunity to illuminate a clear path on

---

[2] Adding to the uncertainty is the absence of a consensus view among state courts. *See* 46 C.J.S. Insurance § 1669 (2020) (noting conflicting authority on whether "an insurer is liable for a negligent refusal to settle on the part of an insurance company"); *see also* Leo P. Martinez, *The Restatement of the Law of Liability Insurance and the Duty to Settle*, 68 Rutgers U. L. Rev. 155, 159 (2015) (Although "a duty to settle is a firmly entrenched aspect of an insurer's obligation to an insured," states' "views as to the source of the obligation, the precise extent of an insurer's obligations, and the remedies for breach diverge[,] and there is a wide-ranging spectrum of approaches as to each").

the issue" when it decided not to review *Smith*. Dkt. 76 at 9. However, as discussed above, *Smith* did not provide that opportunity. *See Brown*, 384 F.3d at 416.

Selective also argues that insurance companies' "settlement strategy of a disputed claim" is "hardly a matter of public interest" because it pertains only to duties owed by insurance companies. Dkt. 76 at 7. But it is doubtful that the Indiana Supreme Court shares Selective's view. *See Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. 1993) ("[I]t is in society's interest that there be fair play between insurer and insured."). Resolution of these questions would provide clarity in an area of important public interest.

Selective predicts that these questions aren't "likely to recur with any frequency" based on the few cases addressing duty-to-settle and equitable subrogation claims, dkt. 76 at 7–8, but these issues recur with enough frequency to warrant certification, *see, e.g.*, *Johnson*, 440 F. Supp. 3d 980; *Robertson v. Med. Assur. Co.*, 11 N.E.3d 913 (Ind. 2014).

Last, Selective contends that Cincinnati's choice to file this action in federal court undermines a decision to certify this action to the Indiana Supreme Court because Cincinnati "knew the status of Indiana law on the issues when it filed this action" in federal court. Dkt. 76 at 9–10 (citing *Rain v. Rolls-Royce Corp.*, 626 F.3d 372, 379 (7th Cir. 2010)). That, however, is "not a primary factor," *Rain*, 626 F.3d at 379, and thus is "not determinative on its own," *Plastics Eng'g Co. v. Liberty Mut. Ins. Co.*, 514 F.3d 651, 659 (7th Cir. 2008).

Here, the questions to be certified are outcome determinative to this case, involve an important issue of public concern, and are likely to recur. And even if the Court believed that the Indiana Supreme Court would likely hold that Indiana does not recognize a cause of action for negligent failure to settle a claim, it could not reach that conclusion in this case. In *Certain Underwriters*, the Seventh Circuit held that "[u]nder Indiana law, an insurer is liable to its insured for a judgment exceeding policy limits when the insurer, who has exclusive control of defending and settling the suit, refuses, *in negligence* or bad faith, to settle within policy limits." 909 F.2d at 231 (emphasis added). This is binding precedent that the Court is obligated to follow. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("By treating [Seventh Circuit precedent] as having no more than persuasive force, the district court made a fundamental error. In a hierarchical system, decisions of a superior court are authoritative on inferior courts.").

While Indiana and federal decisions have addressed similar issues, the Indiana Supreme Court has not held that there is no cause of action for negligent failure to settle a claim, nor has it expressly disavowed *Certain Underwriters*' view that Indiana does recognize this cause of action. And that's what matters here. *See Reiser*, 380 F.3d at 1029 (intermediate state court decisions "assuredly . . . do not themselves liberate district judges from the force of [Seventh Circuit] decisions"); Ind. App. R. 64(A) (a federal district court order does not represent a "clear controlling Indiana precedent").

With respect to the issues presented, "[t]he Indiana Supreme Court has experience and expertise . . . [and] a unique interest in the development of Indiana law. And the bench, bar, and citizenry of Indiana have a particular and compelling interest in the correct answers to the questions presented in this case." *Cutchin,* 2021 WL 357770, at *13. These factors weigh in favor of certification so that the Indiana Supreme Court may provide guidance that will conclusively resolve these issues.

### III.
### Conclusion

For the reasons stated above, the Court respectfully **CERTIFIES** the following questions[3] to the Indiana Supreme Court:

1. Does Indiana law recognize a cause of action against an insurance company for the negligent failure to settle a claim within policy limits?

2. Does Indiana law recognize the doctrine of equitable subrogation, thus permitting an excess insurance carrier to directly sue a primary carrier for the negligent and/or bad faith failure to settle a claim within policy limits?

Pursuant to Ind. App. R. 64(B), the Clerk is **ORDERED** to provide the Indiana Supreme Court with copies of:

(1) this order;

(2) the order issued on November 30, 2020, dkt. 73;

---

[3] Of course, the Indiana Supreme Court "should feel free to rephrase the question[s] if it deems that step appropriate," *Daniels v. FanDuel, Inc.,* 884 F.3d 672, 675 (7th Cir. 2018), and nothing in this certification is intended to limit the scope of its inquiry.

7

(3) the docket in this case, including the names of the parties and their counsel;

(4) Cincinnati's amended complaint, dkt. 10;

(5) Selective's answer, dkt. 15;

(6) Selective's motion to dismiss or in the alternative for summary judgment, dkt. 36;

(7) Cincinnati's cross motion for summary judgment, dkt. 38; and

(8) the parties' related briefs, dkt. 37, dkt. 39, dkt. 45, dkt. 48, dkt. 76, dkt. 77. The parties' evidentiary designations need not be included.

All pending proceedings in this case are **STAYED** pending a determination of these certified questions.

**SO ORDERED.**

Date: 2/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David A. Mack
HUELAT & MACK P.C.
dmack@huelatandmack.com

Nicole E. Wilinski
COLLINS EINHORN FARRELL PC
nicole.wilinski@ceflawyers.com

Clerk of the Appellate Courts
216 State House
200 West Washington Street
Indianapolis, IN  46204